## LABAN M. WHEATON *vs.* SARAH L. WILMARTH.

After a suit against an administrator, who was also one of the heirs of his intes- tate, who died solvent, was barred by the statute of limitations, (Rev. Sts. c. 66, § 3,) the administrator, by consent and agreement of the intestate's widow, made a note, payable to her or order, for a debt due from the estate to W., and she indorsed it to W. *Held*, in a suit by W. against the widow, on this note, that it was given on a good and sufficient consideration.

The following notice, seasonably given, was held sufficient to bind the indorser of note, which was made payable at a bank: " April 20 1846. Mrs. S. L. Wilmarth Please to take notice that a note, signed by George L. Wilmarth, for three thou- sand dollars, indorsed by you, is due this day, and by me protested for non-pay- ment. You are requested to pay the same to the holder. E. F. Notary Public."

In an action against the indorser of a note, the maker, if released by the indorser, is a competent witness for him.

THIS was an action of assumpsit on a note, dated January 17th 1846, for $3000, made by George L. Wilmarth, payable to the defendant, or her order, in three months after date, at the Attleborough Bank, and indorsed to the plaintiff, by the defendant, on the day of its date.

At the trial before *Hubbard*, J. the signatures of the maker and indorser were admitted by the defendant; and it was also

proved or admitted, that the plaintiff had never transferred the note, nor procured it to be discounted. The following notice was also proved to have been seasonably given to the defendant: " Attleborough, April 20th 1846: Mrs. Sarah L. Wilmarth. Please to take notice that a note, signed by George L. Wilmarth, for three thousand dollars, indorsed by you, is due this day, and by me protested for non-payment. You are requested to pay the same to the holder. Yours respectfully, Elias Fuller, Notary Public."

For the purpose of showing that the note was without any legal consideration, and could not be recovered of the defendant, the following facts were proved or admitted: That the plaintiff gave a receipt of the same date with the note in suit, in the following words : " Taunton, January 17th 1846. Received of George L. Wilmarth, as administrator, a note of three thousand dollars, of this present date, payable, in three months from date, at Attleborough Bank, which, when paid, shall be applied towards the payment of a note signed by Dan Wilmarth, dated October 12th 1840, for four thousand dollars, in one year, interest half yearly. Laban M. Wheaton:" That the note in suit was given for the note mentioned in said receipt, and was for about the amount which remained unpaid on said note: That said Dan Wilmarth died in April or May 1841, leaving property more than sufficient to pay his debts, and that said George L. Wilmarth, in June 1841, was appointed administrator of his estate, and took upon himself said trust, by giving bond as the law directs; and that he, within three months, gave due notice of his said appointment.

Upon these facts, the defendant's counsel contended that the note, mentioned in said receipt, and held by the plaintiff, against Dan Wilmarth, being barred by the statute of limitations, (Rev. Sts. *c.* 66, § 3,) so that it could not be recovered against the estate or administrator of said Dan Wilmarth, at the time when the note in suit was made and indorsed, the defendant was not liable on said note, and that the action could not be maintained against her.

The defendant, having released said George L. Wilmarth

the maker of the note in suit, from any liability to her, called him as a witness, and offered to prove, by him, the following facts: That on the day when the note in suit was made, the plaintiff called on him, as administrator, to pay the note mentioned in the receipt; to which the witness replied, that he had not funds then to pay it; that the plaintiff then stated that he had to pay a large sum in Boston, in a few days, and asked the witness to give him a note for about what was unpaid on said note, payable on time, at the Attleborough Bank, and get his mother (the defendant) to indorse it, and he (the plaintiff) would get it discounted at said bank, and it would be an accommodation to him: That the note in question was then made, and the witness signed it, and the receipt was made and signed, and the witness carried the note to the defendant, and stated to her the conversation with the plaintiff, and asked her to indorse it, which she declined to do, and stated reasons for her refusal; that the plaintiff came into the house soon after, and it was then stated by him to the defendant, that he wished to raise money to pay in Boston, and that, if she would accommodate him by indorsing the note, he would get it discounted at the Attleborough Bank, and would pay it, or take it up, when it should become due, and that she should never be called upon for it; and that the defendant thereupon indorsed the note, and it was delivered to the plaintiff.

The defendant also offered to prove by said George L., that when the note in suit was given, he did not know that the note, which the plaintiff held against Dan Wilmarth, was barred by the statute of limitations; and also to prove, by him, certain facts tending to show that the defendant did not know it.

The plaintiff objected that said George L., being the maker of the note, was not a competent witness, and the judge so ruled. A verdict was taken for the plaintiff, subject to the opinion of the whole court, whether the action can be maintained on the foregoing facts, and whether said George L. Wilmarth was properly rejected as a witness.

Wheaton *v.* Wilmarth.

*Pratt*, for the defendant. The note in suit was without consideration ; the note in payment of which it was given being barred by the Rev. Sts. *c.* 66, § 3. No forbearance to sue the barred note could be given, or, if given, could be of any avail. *Fish* v. *Richardson*, Yelv. 55. *Rosyer* v. *Langdale*, Style, 248. *Jones* v. *Ashburnham*, 4 East, 455. 2 Saund. 137 *c. note.* Chit. Con. (5th Amer. ed.) 35. An administrator is bound to rely on the statute, limiting actions against him to four years ; and his omission so do to shall injure nobody but himself. See *Dawes* v. *Shed*, 15 Mass. 6. *Emerson* v. *Thompson*, 16 Mass. 431. *Hall* v. *Bumstead*, 20 Pick. 2. *Thayer* v. *Hollis*, 3 Met. 369.

The plaintiff lost no claim on any fund, by giving up the first note. No license could have been obtained for the sale of the intestate's real estate, for payment of the plaintiff's note. *Scott* v. *Hancock*, 13 Mass. 162. *Nowell* v. *Nowell*, 8 Greenl. 220.

The defendant, as indorser, is no more liable than the maker. *Tenney* v. *Prince*, 4 Pick. 385, and 7 Pick. 243. *Strong* v. *Tompkins*, 8 Johns. 98.

The testimony of the maker of the note ought not to have been excluded ; he being released by the defendant. The rule, that a party shall not impeach an instrument to which he has given currency, does not apply. The plaintiff is the original holder, and stands like an original payee. The offered testimony respected facts that occurred after the witness had signed the note. See 1 Greenl. on Ev. § 400. *Chazournes* v. *Edwards*, 3 Pick. 5. *Warren* v. *Merry*, 3 Mass. 27. In *Churchill* v. *Suter*, 4 Mass. 156, the holder was not conusant of the taint in the note. The cases on this subject were fully considered in *Thayer* v. *Crossman*, 1 Met. 416.

The notice to the defendant was insufficient. It did not state that the note was dishonored ; unless mention of the protest shows dishonor. *North Bank* v. *Abbot*, 13 Pick. 465. *Gilbert* v. *Dennis*, 3 Met. 495.

*Eliot*, for the plaintiff. As this is an action by indorsee

36 *

against indorser, it is not necessary to show any consideration for the note. But here was a sufficient consideration, viz. a debt barred by the statute of limitations. The maker was heir as well as administrator; and though he did not bind the estate of the intestate, by giving the note in suit, yet he bound himself. Story on Notes, §§ 185, 191. *Maxim* v. *Morse*, 8 Mass. 127.

The testimony which was offered to be given by George L. Wilmarth was not competent. If the facts, thus offered to be shown, had been otherwise proved, he might be a competent witness. The old doctrine, that a party shall not impeach an instrument negotiated by him, is adhered to in this Commonwealth. *Thayer* v. *Crossman*, 1 Met. 416. See also *Henderson* v. *Anderson*, 3 Howard, 73. *Bank of United States* v. *Dunn*, 6 Pet. 51. *Bank of the Metropolis* v. *Jones*, 8 Pet. 12. Besides; the evidence itself was inadmissible, whoever might be the witness. *Emerick* v. *Harley*, 2 Whart. 50. *Bradley* v. *Anderson*, 5 Verm. 152. *Caldwell* v. *May*, 1 Stew. 425. *Erwin* v. *Saunders*, 1 Cow. 249. *Cunningham* v. *Wardwell*, 3 Fairf. 466. *Hoare* v. *Graham*, 3 Campb. 57. *Trustees, &c.* v. *Stetson*, 5 Pick. 506.

The notice to the defendant, of non-payment by the maker, was sufficient. *Mills* v. *Bank of United States*, 11 Wheat. 431. 1 Amer. Lead. Cas. 229 & seq. *Pinkham* v. *Macy*, 9 Met. 174.

*Clifford*, in reply. It was not necessary that the facts, proposed to be shown by the maker of the note, should be proved by other witnesses, in order to render the maker a competent witness. He may restore his own competency by his own testimony. 2 Smith's Lead. Cas. (Philad. ed. 1847,) 47, 88 – 91. *Miller* v. *Stem*, 2 Barr, 286. *Fox* v. *Whitney*, 16 Mass. 118. *Van Schaack* v. *Stafford*, 12 Pick. 565. See also *Wade* v. *Simeon*, 2 Man. Grang. & Scott, 548.

WILDE, J. In this action of assumpsit on a promissory note made by George L. Wilmarth, payable to the defendant, and by her indorsed to the plaintiff, the principal ground of

defence is, that the note was given in payment of a note signed by Dan Wilmarth, payable to the plaintiff, which had been barred by the statute of limitations; and so that the note in suit was void for want of consideration.

If the note in suit had been given by Dan Wilmarth, in his life time, after it had been barred by the statute of limitations, it would have been unquestionably a valid note.

Formerly, the idea prevailed, that an express promise, founded simply on an antecedent moral obligation, was a valid promise. And so the rule was laid down by Buller, J. in *Hawkes* v. *Saunders*, Cowp. 294. "The true rule," he says, is, "that wherever a defendant is under a moral obligation, or is liable in conscience and equity to pay, that is a sufficient consideration." And in the same case, Lord Mansfield says, that " where a man is under a moral obligation, which no court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration; as if a man promise to pay a just debt, the recovery of which is barred by the statute of limitations; or if a man, after he comes of age, promises to pay a meritorious debt contracted during his minority; or if a bankrupt, after his certificate, promises to pay the whole of his debts."

Notwithstanding the general and comprehensive language of the rule laid down by these eminent judges, it must be understood as limited to the case decided, and to those cited in support of it, and to similar cases. And so are the authorities. The cases are collected in a note in 3 Bos. & Pul. 249, 252. The limitation there suggested seems to us to be well founded, and to be supported by the cases cited. "An express promise," it is said, " as it should seem, can only revive a precedent good consideration, which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provision." See also Yelv. (Amer. ed.) 41 *b. note. Valentine* v. *Foster* 1 Met. 520.

By the rule thus restricted, we are of opinion that the note sued was given on a good and sufficient consideration. George L. Wilmarth, the maker, was one of the heirs, and the administrator of the estate of Dan Wilmarth, the maker of the note in payment of which the note in suit was given; and for years after taking out letters of administration he was liable to be sued thereon. George L. Wilmarth, therefore, was under a moral obligation and a former legal liability to pay the note of Dan Wilmarth, which was a sufficient consideration for the new note, within the rule laid down in *Hawkes* v. *Saunders;* and the decision in that case is directly in point. That was an action against an executrix, upon her promise to pay a legacy, in consideration of assets, and the consideration was held to be sufficient. It was afterwards decided, in *Deeks* v. *Strutt,* 5 T. R. 690, that no action at law could be maintained for a legacy; but that was an action on an implied promise, and had no reference to the case of *Hawkes* v. *Saunders,* which was founded on an express promise. The defendant was charged with a personal promise to pay the legacy, and not upon a qualified promise to pay as executrix; and the court say, "that case did not at all involve in it the question, whether a legatee has a general right to sue for a legacy in that court." The case of *Deeks* v. *Strutt,* therefore, does not at all apply to the case of *Hawkes* v. *Saunders,* although the contrary is erroneously stated in the note in 3 Bos. & Pul. before cited.

We consider, therefore, that the decision, in the case of *Hawkes* v. *Saunders,* is founded on a correct rule of law, which is confirmed by subsequent decisions, and is applicable to the present case. Story on Notes, § 185, and the cases there cited.

The cases cited to maintain the rule of law, that an executor or administrator, after a demand against him is barred by the statute of limitation, cannot revive the demand by a new promise, so as to bind the heirs, are not applicable. It does not follow that he may not bind himself. We therefore consider the note sued to be valid against the maker, and that, if

the defendant's indorsement was fairly obtained, the plaintiff would be entitled to judgment.

An objection was made to the sufficiency of the notice of non-payment to the defendant. But this objection was not pressed at the argument, and we think the notice sufficient. It was sufficient to inform the defendant that the note had been dishonored, and that the plaintiff looked to her for payment.

But we are of opinion that the defendant is entitled to a new trial, on the ground that the testimony of George L. Wilmarth should have been admitted. He, having been released by the defendant, was not interested, in her favor, in the event of the suit; and the case is not within the rule laid down in *Churchill* v. *Suter*, 4 Mass. 156.

The facts offered to be proved by him may be material, as they have a tendency to show that the defendant was induced to indorse the note by false and fraudulent pretences; and if it should be so proved, to the satisfaction of a jury, the action must fail. *New trial granted.*